# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:07CV339-03-T
## (1:05CR223)

| | |
|---|---|
| **JOHN CALVIN BAKER,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **MEMORANDUM AND** |
| ) | **ORDER** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 and his motion to proceed in *forma pauperis*. No response is necessary from the Government.

## I. STANDARD OF REVIEW

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. **28 U.S. C. § 2255**. However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.** The Court, having reviewed the record of criminal proceedings, enters summary dismissal for the reasons stated herein.

## II.  PROCEDURAL HISTORY

On August 1, 2005, the Petitioner was charged in a three count bill of indictment with possession with intent to distribute at least 50 grams of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1); possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and using a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1).  **Bill of Indictment, filed August 1, 2005**. On November 3, 2005, Petitioner entered into a written plea agreement with the Government wherein he agreed to plead guilty to Counts One and Three of the indictment.  **Plea Agreement, filed November 4, 2005**.  With respect to the offense conduct, the parties stipulated that the amount of

methamphetamine that was known to or reasonably foreseeable by Petitioner was "at least 5 grams but less than 20 grams." *Id.* **at 2**. Also, by the terms of the plea agreement, Petitioner expressly waived his right to directly appeal his conviction or sentence, or to collaterally attack those matters on any grounds except ineffective assistance of counsel and/or prosecutorial misconduct. *Id.* **at 5**.

On November 8, 2005, Petitioner appeared before the Magistrate Judge at a Rule 11 hearing to formally enter his plea. **Rule 11 Inquiry and Order of Acceptance of Plea, filed November 8, 2005.** At that hearing, the Magistrate Judge placed Petitioner under oath and then engaged him in a lengthy colloquy to ensure that his guilty plea was being knowingly and voluntarily entered. *Id.* **at 1.** After hearing Petitioner's answers to each of the questions, and upon finding that Petitioner's plea was knowingly and voluntarily entered and made, the Magistrate Judge accepted his guilty plea. *Id.* **at 9-10**.

On June 27, 2006, Petitioner appeared before the undersigned for sentencing, during which he stipulated there was a factual basis to support his guilty plea. **Transcript of Sentencing Hearing, filed September 27, 2006, at 2**. In addition, Petitioner confirmed that counsel had reviewed the

presentence report with him and he understood the contents thereof. *Id.* **at 3**.

Thereafter, the Court heard from Petitioner's counsel regarding punishment. Petitioner's counsel argued that despite the fact that Petitioner had absconded from pretrial supervision, the Court should sentence him to the low end of the Guideline range because when he was apprehended, Petitioner was working in an effort to send home money to support his wife and children. *Id*. **at 4.** Moreover, counsel argued that Petitioner understood he made a poor decision when he absconded and that decision cost him a three-level reduction for acceptance of responsibility which meant more time in custody for Petitioner than he would have otherwise received. *Id.* **at 5.** In light of these arguments, counsel argued that Petitioner should be sentenced to the low end of the Guideline range. *Id.* **at 7.** The Petitioner addressed the Court and apologized for his conduct and asked the Court to be merciful in sentencing. *Id.* **at 8**. The Government had no objection to the Court sentencing Petitioner to the low end of the Guideline range. *Id.* **at 9.** The Court sentenced Petitioner to 92 months on Count One and 60 months on

Count Three to be served consecutively for a total of 152 months imprisonment.  **Judgment in a Criminal Case, filed July 14, 2006**.

Petitioner appealed his conviction and sentence.  **Notice of Appal, filed June 28, 2007.**  On February 28, 2007, the Fourth Circuit affirmed Petitioner's conviction and sentence specifically concluding that Petitioner's guilty plea was knowingly and voluntarily entered; that the sentence was reasonable; that this Court properly applied the Sentencing Guidelines and considered the relevant sentencing factors before imposing the 152-month sentence; and that after reviewing the entire record, no meritorious issues for appeal were found.  **United States v. Baker, 220 F. App'x 186, 188 (4th Cir. 2007).**  Petitioner did not petition the Supreme Court for a *writ of certiorari*.  Therefore, his judgment became final on May 28, 2007, and the instant motion claiming ineffective assistance of counsel filed October 23, 2007, is timely.

### III.  DISCUSSION

Petitioner's § 2255 motion alleges he received ineffective assistance due to the fact that counsel: (1) failed to argue for a reduction of sentence based on acceptance of responsibility; (2) failed to investigate the police

report for mitigating evidence which would have warranted a departure under the Guidelines; (3) failed to object to the presence report's omission of information regarding Petitioner's cooperation with local officials which lead to the arrest of others; and (4) failed to move for a downward departure for Petitioner's post-offense rehabilitation efforts and failed to advise Petitioner that he could have called witnesses to testify on his behalf at sentencing. **Motion to Vacate, at 4-8.**

When alleging a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby. ***Strickland v. Washington*, 466 U.S. 668, 687-91 (1984)**. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. ***Id.* at 689**; ***see also, Fields v. Attorney Gen. of State of Md.*, 956 F.2d 1290, 1297-99 (4th Cir. 1985)**; ***Hutchins v. Garrison*, 724 F.2d 1425, 1430-31 (4th Cir. 1983)**; ***Marzullo v. Maryland*, 561 F.2d 540 (4th Cir. 1977)**.

To demonstrate prejudice, Petitioner must show a probability that the alleged errors worked to his "'*actual* and substantial disadvantage,

infecting his entire trial with error of constitutional dimensions.'" ***Murray v. Carrier*, 477 U.S. 478, 494 (1986) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982))**. Under these circumstances, Petitioner "bears the burden of proving *Strickland* prejudice." ***Fields*, 956 F.2d at 1297 (citing *Hutchins*, *supra*, at 1430-31)**. Therefore, if Petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." ***Id.* (citing *Strickland*, *supra*, at 697)**.

An even higher burden is required for the petitioner who alleges ineffective assistance of counsel following the entry of a guilty plea. ***See, Hill v. Lockhart*, 474 U.S. 52, 53-59 (1985); *Fields, supra,* at 1294-99; *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988)**.

> When a [petitioner] challenges a conviction entered after a guilty plea, [the] "prejudice" prong of the [*Strickland*] test is slightly modified. [The petitioner] "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

***Id*. (quoting *Hill, supra*, at 59); accord *Fields, supra,* at 1297**.

In evaluating a post-guilty plea claim of ineffective assistance of counsel, statements previously made under oath affirming satisfaction with counsel, such as those made by Petitioner here at the Rule 11 hearing, are binding "[a]bsent clear and convincing evidence to the contrary." ***Id*. at**

1299 (citing ***Blackledge v. Allison***, 431 U.S. 63, 74-75 (1977)); ***accord United States v. Lemaster***, 403 F.3d 216, 220-23 (4th Cir. 2005) (affirming summary dismissal of § 2255 motion, including ineffective assistance claim, noting inconsistent statements made during Rule 11 hearing).

Applying the foregoing principles to Petitioner's allegations, it is apparent that he cannot prevail in this matter. Petitioner does not assert that but for counsel's alleged ineffectiveness, he would have pled not guilty and insisted upon going to trial. Thus, Petitioner's claim against counsel is doomed by that failure alone.

Petitioner argues that his counsel was ineffective for failing to make an argument that he was entitled to a reduction for acceptance of responsibility. Section 3E1.1 of the Sentencing Guidelines provides for a maximum three-level decrease in offense level for a defendant who clearly accepts responsibility for his offense. **U.S.S.G. § 3E1.1.** The Fourth Circuit considered this specific issue on Petitioner's direct appeal and determined that "[a]lthough Baker pled guilty and admitted his offense conduct, his sentence was not reduced for acceptance of responsibility because, following his guilty plea, he violated the terms of his release by

leaving his residence without permission. We find that the district court properly applied the Sentencing Guidelines and considered the relevant sentencing factors before imposing the 152-month sentence." **Baker, supra**. Absconding from pretrial release is not consistent with a defendant who accepted responsibility for his offense. Although Petitioner did enter into a plea agreement with the Government in a timely fashion and alleviated the Government's need to prepare for trial, Petitioner then absconded from pretrial supervision causing the Government additional expenditures of time and resources in an effort to locate him. This action is clearly inconsistent with conduct signifying acceptance of responsibility. **United States v. Curtis, 934 F.2d 553, 557 (4th Cir. 1991).** Here, Petitioner's counsel persuasively argued that despite Petitioner's poor choice to abscond from pretrial supervision, the Court should sentence him to the low end of the Guideline range because Petitioner was working in an effort to support his family when he was apprehended and as a result of Petitioner's bad choice, he exposed himself to additional time in custody due to the loss of the three-level reduction for acceptance of responsibility. **Sentencing Transcript, *supra*, at 7.** Counsel's decision to cast Petitioner's choice in this light was a sound tactical decision which resulted

in this Court's imposition of 92 months imprisonment on Count One which was the low end of the Guideline range of 92-115 months.  In light of the sentence imposed, Petition cannot show prejudice.  Therefore, this claim of ineffective assistance of counsel is denied.

Next, Petitioner claims that his counsel was ineffective because he failed to investigate the police report for "mitigation evidence which would have warrented a departure under Sentencen (sic) Guidelines during Sentencen (sic) Proceedings." **Motion to Vacate, at 6.**  This claim is merely conclusory in that Petitioner does not specify what evidence from the police report would have warranted his counsel making a motion for a downward departure nor does he cite to any section of the Sentencing Guidelines which would support such a motion.  In short, Petitioner has not articulated any facts from which the Court can conclude that his counsel was ineffective with respect to this claim.  Therefore, this claim of ineffective assistance of counsel is denied.

Next, Petitioner contends that his counsel was ineffective for failing to object to the presentence report's omission of his efforts to cooperate with local law enforcement which lead to the arrest of others.  Once again, Petitioner's conclusory allegation does not explain his cooperation efforts

nor does he argue how he was prejudiced by his counsel's alleged failure to make this specific argument in light of the fact that he received 92 months imprisonment which was the low end of the Guideline range. Furthermore, any motion for a downward departure pursuant to U.S.S.G. § 5K1.1 would have to be made by counsel for the Government, not Petitioner's counsel. Petitioner has not satisfied either prong of the *Strickland* test, therefore, this claim of ineffective assistance of counsel is denied.

Finally, Petitioner argues that his counsel was ineffective because he did not argue that Petitioner should receive a downward departure for acceptance of responsibility due to his post offense rehabilitation. First, the Court notes that Petitioner's counsel did bring to the undersigned 's attention that after the instant offense, Petitioner was living in a residential treatment center. **Sentencing Transcript, at 4.** Counsel also was candid with the Court regarding Petitioner's history of substance abuse treatment.[1] *Id.* **at 5.** While counsel did not make a formal motion for a departure based on Petitioner's post offense rehabilitation, counsel certainly brought

---

[1] The Court notes that the presentence report indicated that Petitioner's attendance at his substance abuse treatment program for methamphetamine beginning in November 2005 was sporadic. **Presentence Report, filed under seal November 13, 2006, ¶ 49.**

Petitioner's efforts in rehabilitation to the undersigned's attention for consideration during the sentencing proceedings. Indeed, all of counsel's arguments were taken into consideration when determining Petitioner's sentence. Given that Petitioner was sentenced to the low end of the Guideline range, Petitioner cannot show any prejudice from counsel's failure to make a motion for a downward departure based on his post offense rehabilitation efforts.

Petitioner also argues that his counsel was ineffective for failing to advise him that he could call witnesses to testify on his behalf at sentencing. Petitioner does not specify who he would have called to testify, what they would have testified to, and how the lack of such testimony prejudiced him. Petitioner's conclusory allegation fails to show how counsel's alleged failure to call witnesses to testify on his behalf at sentencing prejudiced him. Therefore, this claim is without merit.

Petitioner's conclusory assertions of ineffective assistance of counsel are unavailing. The record clearly reflects that as a result of counsel's efforts, Petitioner received a favorable plea agreement to Counts One and Three of the indictment.[2] Further, because of his counsel's advocacy, the

---

[2] Count Two was dismissed by this Court on the Government's motion. **Judgment in a Criminal Case, filed July 14, 2006**.

undersigned sentenced Petitioner to 92 months on Count One which was the low end of the Guideline range of 92-115 months imprisonment. Thus, Petitioner cannot demonstrate any prejudice in connection with those assertions. Because Petitioner has failed to show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed a defendant by the Sixth Amendment," the second prong of *Strickland* need not be reached. As the Court has found that no grounds have been raised which merit relief, the motion is dismissed based on the record before the Court.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion to vacate, set aside or correct sentence pursuant 28 U.S.C. § 2255 is hereby **DENIED;** and because motions filed pursuant to § 2255 require no filing fee, Petitioner's motion to proceed in *forma pauperis* is **DENIED** as moot. A Judgment dismissing this action is filed herewith.

14

Signed: November 19, 2007

*[signature]*

Lacy H. Thornburg
United States District Judge